UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT A. STENSETH; and MICHELLE STENSETH,<br><br>                Plaintiffs,<br><br>vs.<br><br>MATT ALTHOFF, Secretary of Social Services, State of South Dakota; NATE SCHEMA, C.E.O., Good Samaritan Society; and KELLIE WASKO, Secretary, South Dakota Department of Corrections,<br><br>                Defendants. | 4:24-CV-04197-CCT<br><br><br>**ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS** |

Plaintiffs, Robert A. Stenseth and Michelle Stenseth, filed a pro se lawsuit under 42 U.S.C. § 1983. Docket 1. Both Robert and Michelle filed motions for leave to proceed in forma pauperis. Dockets 2, 3, and 7. But Robert subsequently paid the full $405 civil filing fee. Thus, Plaintiffs' motions to proceed in forma pauperis, Dockets 2, 3, and 7, are denied as moot.[1] The Court now considers Defendants' motions to dismiss. Dockets 17, 26.

---

[1] Michelle Stenseth is incarcerated at the South Dakota Women's Prison. Docket 3 at 1; Docket 8. Because Michelle, a prisoner, seeks redress from the South Dakota Secretary of Social Services and Secretary of Corrections, who are officers or employees of a governmental entity, the Court would typically screen the complaint under 28 U.S.C. § 1915A. But because Robert arranged for service upon Defendants and Defendants have filed motions to dismiss, Dockets 17 and 26, the Court considers Defendants' motions to dismiss in lieu of screening under § 1915A. *See, e.g., Sudler v. Danberg*, 635 F. Supp. 2d 356, 358 (D. Del. 2009) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal

I.   **Factual and Procedural Background**

This is the fifth *pro se* action Robert A. Stenseth and one or more of his children have commenced in the District of South Dakota alleging that South Dakota state agencies and employees as well as the Good Samaritan Society and its employees have violated their constitutional rights. *See Robert A. Stenseth, Robert J. Stenseth, and Michelle E. Stenseth v. State of South Dakota, Department of Social Services Child Protection: Sioux Valley Hospital; Good Samaritan Society; and U.S. Postal Service*, 4:04-CV-04119, Docket 1 (D.S.D. July 28, 2004); *Robert A. Stenseth, Michelle E. Stenseth, and Robert J. Stenseth v. Karen Karpen, Social Worker, S.D. Dep't of Social Services; Good Samaritan Society; Sioux Valley Hospital; and U.S. Postal Service*, 4:05-CV-04182, Docket 1 (D.S.D. Dec. 8, 2005); *Robert A. Stenseth, Michelle E. Stenseth, and Robert J. Stenseth v. Julie Karpen, Social Worker, D.S.S., State of South Dakota; Deb Bowman, Secretary, Dep't of Social Services, State of South Dakota; David J. Horazdovsky, President, Good Samaritan Society Office; Kelby K. Krabbenhoft, Sanford Hospital (formerly Sioux Valley)*, 4:08-CV-04115, Docket 1 (D.S.D. July 16, 2008); *Robert A. Stenseth, Michelle Stenseth, Robert J. Stenseth v. Julie Karpen, Social Worker; South Dakota Department of Social Services; Deb

---

standard used when ruling on 12(b)(6) motions."(citations omitted)). Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). In this case, however, the Court is not ordering Michelle to pay any civil filing fee because Robert paid the full civil filing fee. *See id.* § 1915(b)(1)(3) ("In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action").

*Bowman; Dr. Greg DeSautel, Secretary of Social Services; and State of South Dakota Courts*, 4:19-CV-04117, Docket 1 (D.S.D. July 8, 2019).

The complaint is lengthy, repetitive, and difficult to decipher, but it essentially repeats the allegations raised in the other actions Plaintiff Robert A. Stenseth has filed in the District of South Dakota. To clearly outline the factual background giving rise to the lawsuit, the Court takes judicial notice of the court filings in the related cases Plaintiff Robert A. Stenseth has filed in the District of South Dakota. When considering a Rule 12(b)(6) motion, a court can take judicial notice of its own records and files. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981); *see also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."). Judicial notice is particularly applicable to a court's own records of prior litigation closely related to the case before it. *Jackson*, 640 F.2d at 617. A court can also take judicial notice of proceedings in other courts if they relate directly to the matters in issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996) (citation omitted).

Plaintiff Robert A. Stenseth is the father of Plaintiff Michelle E. Stenseth and Robert J. Stenseth, who is mentioned in the complaint, but not named as

3

a plaintiff. Docket 1 at 1, 17. Josalyn[2] Stenseth, Michelle's daughter, is also mentioned in the complaint, but not named as a plaintiff. *Id.* Corene Stenseth, who is deceased, is the mother of Plaintiff Robert A. Stenseth. *Id.* at 17. Because Josalyn and Robert J. are not named plaintiffs, the Court has not included their alleged claims and damages in this factual background.

On May 5, 2001, Corene Stenseth died of asphyxiation at the Good Samaritan Society. *Stenseth v. Karpen*, 4:19-CV-04117-RAL, Docket 1-1 at 52. Almost two years later, in February 2003, an employee of the Good Samaritan Society was charged with raping a resident at the facility. *Id.* at 44–47. The complaint does not allege that Corene was raped prior to her death or any relation between Corene's death and the alleged 2003 rape incident. *See generally* Docket 1. In the complaint, Plaintiffs seek damages for the death of Corene from "[c]onstriction around the neck" when she was a resident at a Good Samaritan facility. Docket 1 at 3, 17. According to the complaint, Corene's death constitutes "abuse of the elderly[.]" *Id.* at 24 (emphasis in original omitted).

In 2002, Plaintiff Michelle Stenseth, as well as Robert J., lived with their father, Plaintiff Robert A. Stenseth. *Stenseth v. Karpen*, 4:08-CV-04115-KES, Docket 36 at 2. The children were removed from Plaintiff Robert A. Stenseth's custody following allegations of abuse and neglect. *Id.* The children remained in the custody of the South Dakota Department of Social Services until June

---

[2] The complaint refers to both "Josalyn" and "Joslyn." The Court will use the spelling "Josalyn" as this is how the name first appears in the complaint.

4

2006, when they were returned to the care of their mother. *Id.* at 2–3. Plaintiffs allege that the confinement and transfers caused Michelle "lifetime conditions and require lifetime treatments." Docket 1 at 3 (capitalization in original omitted). According to the complaint, Michelle Stenseth was "taken for years by the Defendants, South Dakota Department of Social Services employees and transferred dozens of times" without the Defendants providing appropriate treatment for her multiple medical conditions, in violation of Michelle's constitutional rights. *Id.* at 9, 18. Michelle experienced "forced take downs of physical discipline[,]" which constitutes cruel and unusual punishment. *Id.* at 20. The complaint alleges years of "lost freedoms and family time" and "lifetime damages and future suffering" because of the chronic medical conditions allegedly caused by Michelle's multiple transfers. *Id.* at 21–23 (capitalization in original omitted).

Finally, Plaintiffs complain about how Plaintiff Robert A. Stenseth's previous federal court actions were handled, alleging that they were dismissed without the opportunity to conduct discovery and that defendants refused to comply with various court orders and the Federal Rules of Civil Procedure. *See, e.g., id.* at 43–44, 56–57, 73–74, 77, 97, 100, 116–17, 174–75.

Plaintiffs seek "Punitive Damages and Compensatory Damages" for "Lost years of freedoms including Schools, family, friends, and acquiring multiple Acute Diagnosis with Cruel Treatments and withheld Rights of innocent Citizens." *Id.* at 210–11. According to the Complaint, "Josyln Stenseth deserves contacts with family including Robert A. Stenseth, and the Plaintiffs ask the

Court to order communications with Josalyn Stenseth with discovery of Josalyn Stenseth history and Conditions." *Id.* at 211. Finally, "Plaintiffs ask the Court for Disability for Michelle Stenseth" and contend that "Michelle Stenseth is qualified and has been qualified for years." *Id.*

## II.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). When considering a Rule 12(b)(6) motion, the facts alleged in the complaint must be considered true, and all inferences must be drawn in favor of Plaintiffs, the nonmoving party. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (citing *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002)). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . a claim must be dismissed[.]" *Neitzke*, 490 U.S at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### III.    Motion to Dismiss by Defendants Matt Althoff and Kellie Wasko

Plaintiffs bring this action against Matt Althoff, the South Dakota Secretary of Social Services, and Kellie Wasko, the South Dakota Secretary of the Department of Corrections. Docket 1 at 1, 17. Defendants Althoff and Wasko move to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Docket 17. Plaintiffs did not respond to the motion to dismiss.

The complaint does not specify whether Althoff and Wasko are sued in their individual or official capacities. Docket 1. When a plaintiff does not specifically state in which capacity he or she sues the defendants, the Court must apply the course of proceedings test. *S.A.A. v. Geisler*, 127 F.4th 1133, 1138 (8th Cir. 2025) (en banc). In this case, however, instead of applying the course of proceedings test, the Court liberally construes Plaintiffs' complaint as alleging claims against Althoff and Wasko in both their individual and official capacities. For the reasons explained below, the complaint fails to state a claim upon which relief can be granted against Althoff and Wasko in either their individual or official capacities.

#### A.    Official Capacity Claims for Money Damages

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, Plaintiffs' official capacity claims against Althoff and Wasko are construed as claims against the State of South Dakota. *Id.* While

"[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* The State of South Dakota has not waived its sovereign immunity. Thus, Plaintiffs' claims against Althoff and Wasko in their official capacities for money damages are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b)(iii).

**B.     Individual Capacity Claims for Monetary Damages and Official Capacity Claims for Injunctive Relief**[3]

Claims based on vicarious liability are not cognizable under 42 U.S.C. § 1983. *Marsh v. Phelps Cnty.*, 902 F.3d 745, 754 (8th Cir. 2018). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* (alteration in original) (quoting *Ashcroft*, 556 U.S. at 676); *Jones v. City of St. Louis*, 104 F.4th 1043, 1050 (8th Cir. 2024). In other words, "each Government official, his or her title

---

[3] To the extent Plaintiffs seek injunctive relief against Althoff and Wasko in their individual capacities, this claim fails as a matter of law. "Section 1983 plaintiffs may sue individual–capacity defendants only for money damages and official–capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011); *see also Cmty. Mental Health Servs. v. Mental Health & Recovery Bd.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, *i.e.,* his official capacity.").

notwithstanding, is only liable for his or her own misconduct." *Marsh*, 902 F.3d at 754 (quoting *Ashcroft*, 556 U.S. at 677).

 Aside from being named in the complaint's caption and identified in the body only as defendants along with their respective titles, neither Althoff nor Wasko are mentioned in the remainder of the 211-page complaint or 35 pages of exhibits filed along with the complaint. *See generally* Docket 1; Docket 1-1. "A proper § 1983 claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights." *Pennington v. Morgan*, 24-cv-00838, 2025 WL 348609, at *2 (W.D. Va. Jan. 30, 2025) (citing *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017)). The complaint does not contain any specific allegations against Althoff or Wasko. *See* Docket 1. "If a defendant is not mentioned in the body of the complaint, the complaint does not state a cause of action against that defendant." *Startup v. Bear Stearns Residential Mortg. Corp.*, No. 10-01961, 2011 WL 13227926, at *2 (C.D. Cal. Feb. 14, 2011) (citation omitted); *see also Jones v. Town of Quartzsite*, No. CV-13-02170, 2015 WL 12551172, at *5 (D. Ariz. Mar. 30, 2015) (finding plaintiff failed to state a claim when complaint failed to mention defendants); *Hobson v. Temple-Inlet*, No. 07-1318, 2007 WL 3101837, at *2 (D. Ariz. Oct. 22, 2007) (dismissing case under Rule 12(b)(6) because complaint did not mention the defendant). Because the complaint does not allege any facts detailing how Althoff or Wasko, through their individual actions,[4] violated Plaintiffs' constitutional rights,

---

[4] Notably, most, if not all, of the allegations in Plaintiffs' complaint pre-date Althoff's and Wasko's respective appointments. *See generally* Docket 1. Althoff became the

9

Plaintiffs' individual capacity claims for money damages against Althoff and Wasko are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which can be granted.

A plaintiff's "official capacity claim for injunctive relief need only allege that each defendant, by virtue of his [or her] office, has some connection with the unconstitutional conduct for which [the plaintiff] seeks injunctive relief." *Warfield v. Hettich*, 4:24-CV-04049-ECS, 2025 WL 957769, at *9 (D.S.D. Mar. 31, 2025) (internal quotation omitted) (citing *Ex parte Young*, 209 U.S. 123, 157 (1908)). Plaintiffs allege that "Josyln Stenseth deserves contacts with family including Robert A. Stenseth[]" and request that the Court "order communications with Josalyn Stenseth with discovery of Josalyn Stenseth history and Conditions." Docket 1 at 211. But Josalyn Stenseth is not a plaintiff, and a pro se plaintiff cannot bring claims on behalf of others. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally[.]"); *Ward v. U.S. Marshals*, No. 5:23-CV-05061-CCT, 2025 WL 949242, at *15 (D.S.D. Mar. 28, 2025) ("Under 28 U.S.C. § 1654, a pro se plaintiff may plead their own cases in federal court, but a pro se plaintiff cannot bring claims on behalf of others.") (citations omitted); *Weigel v. City of Flandreau*, No. 4:23-CV-04184-ECS, 2025 WL 487153, at *2 (D.S.D. Feb. 13, 2025) ("Only a licensed attorney can represent the interests of another person.") (collecting cases, including *Jones ex rel. Jones v. Corr. Med. Servs.*,

---

Secretary of the Department of Social Services on January 23, 2023, and Wasko became the Secretary of the Department of Corrections on March 7, 2022.

401 F.3d 950, 952 (8th Cir. 2005)). Because Plaintiffs are proceeding pro se, this Court cannot order relief to protect or enforce Josyln's rights.

Plaintiffs also "ask the Court for Disability for Michelle Stenseth" and contend that "Michelle Stenseth is qualified and has been qualified for years." Docket 1 at 211. This Court does not have authority in this action to issue a declaration that Michelle is "disabled" and therefore is qualified and entitled to receive any type of disability benefits. Notably, the complaint does not allege that Michelle has requested or sought disability benefits. *See generally* Docket 1. It is not appropriate to direct an initial request for disability benefits to a federal district court in the context of a claim under 42 U.S.C. § 1983. Plaintiffs' official capacity claims for injunctive and/or declarative relief against Althoff and Wasko are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(b)(ii).

### C.    Other Federal Statutes

The complaint alleges that Defendants violated other federal statutes, but Plaintiffs are not entitled to seek relief under these statutes in this § 1983 action. Thus, Plaintiffs' claims under these federal statutes are dismissed.

#### 1.    18 U.S.C. § 241

Plaintiffs allege that Defendants violated 18 U.S.C. § 241, which provides that it is a crime to conspire to violate civil rights. Docket 1 at 130–32.

"Courts repeatedly have held that there is no private right of action under [18 U.S.C.] § 241[.]" *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998).

### 2.     18 U.S.C. § 242

Plaintiffs allege that Defendants violated Section 242 of Title 18 of the United States Code. Docket 1 at 26–27, 132, 142, 156. This statute criminalizes certain civil rights violations. 18 U.S.C. § 242. Plaintiffs' claims arising out of an alleged violation of 18 U.S.C. § 242 fail to state a claim upon which relief can be granted because this provision of the United States Criminal Code does not provide for a private cause of action. *Davis v. Norwood*, 614 F. App'x 602, 605 (3d Cir. 2015) (per curiam); *Houck v. Gurich*, 515 F. App'x 724, 724 (10th Cir. 2013) (per curiam); *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002).

### 3.     42 U.S.C. § 14141

Plaintiffs allege a violation of Section 14141 of Title 42 of the United States Code. Docket 1 at 27, 94–96, 136, 153–54. Effective September 1, 2017, this section was transferred to 34 U.S.C. § 12601. This Section provides:

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

34 U.S.C. § 12601(a). Although § 12601(b) provides for civil enforcement by the Attorney General, it does not create a private cause of action. *See, e.g., Head v.*

*City of Sioux Falls*, No. 4:24-CV-04175-RAL, 2025 WL 1540583, at *3 (D.S.D. May 30, 2025); *Thompson v. Creve Coeur Police Dep't*, No. 4:19-CV-2138-SNLJ, 2019 WL 3860073, at *2 (E.D. Mo. Aug. 16, 2019); *Minner v. Shelby Ct. Gov't*, No. 2-17-CV-2714-JPM-CGC, 2018 WL 4762136, at *4 (W.D. Tenn. Oct. 2, 2018); *Shaw v. City of Philadelphia Law Dep't*, No. 25-CV-1745, 2025 WL 1094165, at *3 (E.D. Pa. Apr. 11, 2025); *Steinhardt v. Bernardsville Police Dep't*, No. 20-2825, 2021 WL 3929321, at *2 n.2 (3d Cir. Sept. 2, 2021) (per curiam). Even if this Section gave rise to a private cause of action, the exhibits Plaintiffs filed along with their complaint establish that Michelle is thirty-two years old. Docket 1-1 at 2. Any claim arising out of Michelle's experience with the juvenile correctional system is clearly barred by the applicable statute of limitations. SDCL § 15-2-15.2 (providing that civil rights actions must be commenced within three years after the occurrence of the alleged constitutional violation).

### 4.   18 U.S.C. § 1001

Plaintiffs also allege a violation of 18 U.S.C. § 1001, which criminalizes certain false statements. Docket 1 at 133. But this criminal statute does not give rise to a private cause of action. *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987); *Mathis v. Philadelphia Elec. Co.*, 644 F. App'x 113, 116 (3d Cir. 2016) (per curiam).

### 5.   18 U.S.C. § 1503

Plaintiffs contend that Defendants violated 18 U.S.C. § 1503, a federal criminal statute providing that it is unlawful to threaten, intimate, or injure a federal juror or court official. Docket 1 at 197–98. "Federal courts have

13

consistently denied a private civil right of action under 18 U.S.C. § 1503[.]" *Scherer v. United States*, 241 F. Supp. 2d 1270, 1292 (D. Kan. 2003) (collecting cases).

### 6.     18 U.S.C. § 1515

Finally, Plaintiffs assert that Defendants violated 18 U.S.C. § 1515. Docket 1 at 172. Section 1515 sets out definitions that apply in 18 U.S.C. § 1512, which criminalizes tampering with a witness, victim, or informant, and 18 U.S.C. § 1513, which criminalizes retaliation against a witness, victim, or informant. But none of these criminal statutes provide for a private cause of action. *See, e.g.*, *Shahin v. Darling*, 606 F. Supp. 2d 525, 538–39 (D. Del.), *aff'd*, 350 F. App'x 605 (3d Cir. 2009).

### D.     Claims Regarding Previously-Dismissed Lawsuits

Plaintiffs contend that their previous lawsuits were improperly dismissed and that Defendants did not comply with court orders or the applicable rule of procedure. Docket 1 at 43–44, 56–57, 73–74, 97, 100, 116–17. If Plaintiffs' previous lawsuits were improperly dismissed, Plaintiffs' remedy was to appeal to the Eighth Circuit Court of Appeals from the respective judgments of dismissal. Filing a new lawsuit realleging the same claims that have been previously raised and dismissed multiple times is not an appropriate mechanism to challenge the previous dismissals. Similarly, if Plaintiffs wished to challenge Defendants' alleged failure to comply with a court order or the rules of procedure, Plaintiffs should have directed that challenge to the court that issued the order or presided over the previous proceedings instead of filing

14

another action repeating allegations and claims that have previously been dismissed.

### E.    State-law Claims

The complaint references various South Dakota statutes and constitutional provisions. *See, e.g.*, Docket 1 at 2–5, 37–42, 108, 202–07. However, to the extent Plaintiffs seek to allege a state law claim against Defendants, this Court declines to exercise supplemental jurisdiction over any state-law claim.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). As Plaintiffs and the party seeking a federal forum, the Stenseths bear the burden of demonstrating that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). According to the complaint, both Plaintiffs and all the Defendants reside in South Dakota. Docket 1 at 212–14. Based on the allegations of the complaint, there is not complete diversity. Because there is not complete diversity of citizenship, there is no federal subject matter jurisdiction over Plaintiffs' state-law claims unless this Court exercises supplemental jurisdiction under 28 U.S.C. § 1367(a).

Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" But § 1367(c)(3) permits a district court to decline to exercise supplemental jurisdiction over state-law claims if the court "has dismissed all claims over which it has original jurisdiction[.]" *See also Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). "The district court is afforded broad discretion in determining whether to exercise supplemental jurisdiction." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (citation omitted). The Eighth Circuit Court of Appeals has instructed that district courts should "exercise judicial restraint and avoid state law issues wherever possible." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). Because this Court has dismissed Plaintiffs' § 1983 claims, the only claims within this Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims. *See Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005) (holding that the district court did not err by declining to exercise supplemental jurisdiction over inmates' state-law medical malpractice claims after granting summary judgment in favor of defendants on inmates' § 1983 claims); *Mountain Home Flight Serv., Inc. v. Baxter Cnty.*, 758 F.3d 1038, 1045 (8th Cir. 2014) (holding that district court acted within its discretion by declining to exercise supplemental jurisdiction after dismissing § 1983 claims).

For these reasons, Althoff and Wasko's motion to dismiss Plaintiffs' § 1983 claims, Docket 17, is granted, and the Court declines to exercise supplemental jurisdiction over any state-law claims against these Defendants.

## IV.     Motion to Dismiss by Defendant Nate Schema, C.E.O.

Defendant Nate Schema moves to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction over any potential state-law claim. Docket 26. Plaintiffs did not respond to Defendant Schema's motion to dismiss.

In the caption, Plaintiffs identify Nate Schema as the C.E.O. of the Good Samaritan Society. Docket 1 at 1. But in the body of the Complaint, Plaintiffs identify Matt Schema as the C.E.O. of the Good Samaritan Society. *Id.* at 17. Nate Schema is the President and Chief Executive Office of The Evangelical Lutheran Good Samaritan Society ("Good Samaritan Society"). *See* https://www.good-sam.com/about/leadership/executive-leaders (last visited Sept. 8, 2025).

### A.     42 U.S.C. § 1983

"Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress[.]" 42 U.S.C. § 1983. By its explicit language, § 1983 provides a remedy only for claims against persons acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999) ("the under-color-of-state law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful' " (citation omitted)); *Youngblood v. Hy-Vee Food*

*Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Schema is a private individual who works for a private organization. Thus, as a matter of law, Plaintiffs cannot pursue a § 1983 claim against Defendant Schema or his employer. *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997). In fact, the United States District Court for the District of South Dakota has previously held that one of Schema's predecessors as the President of the Good Samaritan Society was not a state actor under § 1983 and dismissed essentially the same claims Plaintiffs again raise arising out of the death of Corene Stenseth. *Stenseth v. Karpen*, 4:08-CV-04115, Docket 7 at 2–3. Because neither Schema nor his employer, the Good Samaritan Society, are state actors under § 1983, Plaintiffs' § 1983 claims against Defendant Schema are dismissed for failure to state a claim upon which relief can be granted.

  **B.** **State-law Claims**

Because this Court has dismissed the only claim over which it has subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiffs seek to assert against Defendant Schema. *See supra* III.E at 15–16.

Thus, Defendant Schema's motion to dismiss Plaintiffs' § 1983 claims, Docket 26, is granted, and the Court declines to exercise supplemental jurisdiction over any state-law claims against Schema.

**V.** **Conclusion**

For the reasons stated above, it is ORDERED:

1. That Plaintiffs' Motions to Proceed In Forma Pauperis, Dockets 2, 3, and 7, are denied as moot.

2. That Plaintiffs' Motion to Appoint Counsel, Docket 4, is denied as moot.

3. That Defendant Althoff and Defendants Wasko's motion to dismiss Plaintiffs' § 1983 claims, Docket 17, is granted, and the Court declines to exercise supplemental jurisdiction over any state-law claims against these Defendants.

4. That Defendant Schema's motion to dismiss Plaintiffs' § 1983 claims, Docket 26, is granted, and the Court declines to exercise supplemental jurisdiction over any state-law claims against Schema.

Dated September 10, 2025.

                                          BY THE COURT:

                                          /s/ *Camela C. Theeler*
                                          CAMELA C. THEELER
                                          UNITED STATES DISTRICT JUDGE